**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**PATRICK L. SHERMAN** **PETITIONER**
**ADC #096304**

**v.** **Case No. 5:97-cv-00039-KGB**

**LARRY NORRIS** **RESPONDENT**

**ORDER**

Before the Court are petitioner Patrick L. Sherman's "motion for a United States District Judge to rule on the merits of my legal and factual claims raised herein" ("Motion to Reopen") (Dkt. No. 62) and "motion for emergency hearing and temporary restraining order against the ACC and ADC pending outcome of this case" ("Motion for Hearing and Temporary Restraining Order") (Dkt. No. 69).

**I. Background**

On January 21, 1997, Sherman filed his petition for writ of *habeas corpus* (Dkt. No. 2). On October 29, 1997, United States Magistrate Judge John F. Forster Jr. dismissed with prejudice Sherman's writ of *habeas corpus* for lack of jurisdiction and entered a Judgment (Dkt. Nos. 27; 28). Sherman appealed the decision to the United States Court of Appeals for the Eighth Circuit, and the Eighth Circuit denied Sherman's request for a certificate of appealability (Dkt. Nos. 29; 30).

On October 18, 2004, Sherman filed a motion to reopen his case (Dkt. No. 32), and on March 11, 2005, Judge Forster denied the motion (Dkt. No. 34). On March 28, 2007, and April 5, 2007, Sherman filed two motions seeking reversal of Judge Forster's dismissal of Sherman's writ of *habeas corpus* (Dkt. Nos. 35; 36). On April 12, 2007, Judge Forster denied those motions (Dkt. No. 37).

On October 6, 2008, Sherman again filed a motion which requested reversal of Judge Forster's dismissal (Dkt. No. 39). Sherman's case was reassigned to United States Magistrate Judge J. Thomas Ray (Dkt. No. 41), and Sherman filed objections to the reassignment (Dkt. No. 43). Judge Ray construed Sherman's objections as a withdrawal of Sherman's consent to jurisdiction by a United States Magistrate Judge, and the case was reassigned to United States District Court Judge Susan Webber Wright (Dkt. Nos. 44; 46).

Judge Wright then entered an Order finding that Sherman had not demonstrated good cause or extraordinary circumstances which would justify the withdrawal of his consent to jurisdiction of a United States Magistrate Judge, and the case was reassigned back to Judge Ray (Dkt. Nos. 49; 51). Judge Ray then denied Sherman's motion requesting reversal of Judge Forster's dismissal (Dkt. No. 53).

On January 21, 2022, Sherman filed a motion requesting that his case be reopened (Dkt. No. 59). On January 29, 2022, Judge Ray denied that request (Dkt. No. 60).

On June 12, 2026, Sherman filed his Motion to Reopen and an affidavit (Dkt. Nos. 62; 63). The case was then reassigned to this Court (Dkt. No. 64).[1] Sherman asks the Court to reopen his petition for writ of *habeas corpus* because Sherman contends that he did not consent to Judge Forster conducting the proceedings in this case (Dkt. No. 62, at 4). Sherman asks for a *de novo* review of his claims by a United States District Judge (*Id.*).

## II. Legal Framework And Analysis

Judgment has already been entered in this case, and therefore the Court construes Sherman's initial Motion to Reopen as a motion for reconsideration. "A 'motion for

[1] In the interim, the United States Court of Appeals for the Eighth Circuit construed a filing by Sherman as a petition for writ of mandamus and denied the petition (Dkt. Nos. 65; 66).

reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Here, Sherman filed his motion significantly later than 28 days after the entry of the Judgment in this case.

A Rule 60(b) motion filed on the basis of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party

must be made "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b)(1)–(3), (c)(1). Any other Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Here, Sherman's Rule 60(b) motion was filed more than a year after the entry of the Judgment in this case and not within a reasonable time (*See* Dkt. No. 53, at 3 ("the Court concludes that Petitioner's Rule 60(b) Motion, filed almost a decade later, has not been filed 'within a reasonable time.'")). Therefore, for all of these reasons, the Court denies Sherman's Motion to Reopen (Dkt. No. 62).

In Sherman's Motion for Hearing and Temporary Restraining Order, Sherman argues that Judge Forster should not have denied his *habeas corpus* petition and that the decision should have been made by a United States District Judge rather than a United States Magistrate Judge (Dkt. No. 69, at 2). Sherman asks for a "temporary restraining order against the ADC and the ACC" which orders those parties to "relinquish all custody over [Sherman] while [Sherman] is out on

parole pending the outcome of [Sherman's] *habeas corpus* petition or for 90 days" (*Id.*, at 3). Sherman also asks for a hearing on this issue (*Id.*).

When determining whether to grant a request for a temporary restraining order, the Court considers: (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the injury that granting an injunction would cause other interested parties; and (4) the public interest. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys. Inc. v. CL Sys*., 640 F.2d 109, 114 (8th Cir. 1981)). Preliminary injunctive relief is an extraordinary remedy, and the party seeking such relief bears the burden of establishing the four *Dataphase* factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). "Failure to show irreparable harm alone is an independent basis to deny injunctive relief." *Grasso Enterprises, LLC v. Express Scripts, Inc*., 809 F.3d 1033, 1040 (8th Cir. 2016).

Here, the Court has already adjudicated Sherman's *habeas corpus* petition, as well as considered and denied multiple requests for reconsideration (Dkt. Nos. 27; 28; 34; 37; 49; 60). Sherman has not shown that his claim is likely to succeed on the merits or that there is a threat of irreparable harm to Sherman which justifies granting a temporary restraining order. Because the Court now denies Sherman's Motion to Reopen and Sherman's request for a temporary restraining order, the Court denies the request for a hearing. Therefore, for all of these reasons, the Court denies Sherman's Motion for Hearing and Temporary Restraining Order.

**III. Conclusion**

For the foregoing reasons, the Court:

(1) denies Sherman's Motion to Reopen (Dkt. No. 62); and

(2) denies Sherman's Motion for Hearing and Temporary Restraining Order (Dkt. No. 69).

It is so ordered this the 28th day of July, 2026.

Kristine G. Baker
Chief United States District Judge